CHIEF JUSTICE CARRICO,
with whom JUSTICE HASSELL and JUSTICE KOONTZ join, dissenting.
I respectfully dissent from the majority’s decision to uphold the validity of the ordinance at issue in this case. In my opinion, the threshold question to be decided is not whether the ordinance is reasonable or unreasonable, as the majority posits, but whether, in adopting the ordinance, the City of Hampton acted within the bounds of the authority granted by the General Assembly in Code § 15.1-292.4. Only if the threshold question is answered in the affirmative would the question of reasonableness ever be reached.
In my view, the answer to the threshold question should be in the negative, and I think the fact that the City exceeded its authority appears from the face of the ordinance itself. Code § 15.1-292.4 provides that service charges for stormwater control programs assessed to property owners and occupants “shall be based upon their contributions to stormwater runoff.” This language clearly envisions some sort of individualized treatment of the different parcels of land in the city. Yet, the Hampton ordinance authorizes flat rate stormwater management fees for all properties in the city. The flat-rate language ignores the concept of individualized treatment and disregards the statutory requirement that the charges should be based upon contributions to stormwater runoff.
Nor, in my opinion, is the situation saved for the City by the fact that different rates are prescribed for residential properties and nonresidential properties. The flat-rate evil of the assessment permeates the entirety of each of the two classes of property, still ignoring the concept of individualized treatment and disregarding the statutory *394 requirement that the charges should be based upon contributions to stormwater runoff.
Accordingly, I would reverse the judgment of the trial court.